FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.

★ NOV 14 2023 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sheldon M. Sylvester, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 23–cv- 05630-EK-ARL |
| ) | **DEMAND FOR JURY TRIAL** |
| Experian Information ) | |
| Solutions, Inc., ) | |
| ) | |
| Trans Union LLC ) | |
| ) | |
| Defendant. ) | |
| ) AMENDED | |

## COMPLAINT

Sheldon M. Sylvester("Plaintiff") complains, states and alleges against Experian Information Solutions, Inc. ("Experian") and TransUnion LLC be herein referred to as" *CRA Defendant's*" or "*Defendants*" as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § *et seq.*, and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § **380** *et seq.* ("NY FCRA").

2. This action seeks relief against the CRA Defendants for reporting inaccurate or misleading information on Plaintiff's credit report in violation of § 1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a) after having received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports.

3. This action also seeks relief against the CRA Defendants for their failure to promptly remove inaccurate, obsolete or misleading information pursuant to NY FCRA § 380-F for CRA Defendant failure to comply with the proper procedures for resolving disputes after a consumer dispute an item.

4. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post- judgment interest, and expenses for injuries suffered as a result of Defendants erroneous reporting of inaccurate information in Plaintiff's consumer background reports, which continue to affect Plaintiff's creditworthiness and credit score.

5.   As a result of Defendants misconduct, Plaintiff has suffered a decrease credit score, the loss of ability to purchase and benefit from credit, the mental and emotional pain, anguish, humiliation and embarrassment of credit denial and dissemination of inaccurate reports to at least one third party, which is akin to the tort of defamation.

6.   Plaintiff seeks to recover monetary damages for Defendants violation of the FCRA and NY FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1367, as well as 15 U.S.C. §1681p *et seq*.

8. Under CPLR §§ 301 and 302, this Court has jurisdiction over the action in that the Defendant conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

10. Under CPLR §503 (a), Venue is appropriate in Nassau County since Plaintiff resides within Nassau County and a substantial part of the acts and/ or omissions giving rise to Plaintiff's claims occurred within the Court's jurisdiction.

## PARTIES

11. Plaintiff Sheldon M. Sylvester is an individual who is a citizen of the State of New York, residing in Nassau County, New York.

12. Plaintiff is a "consumer" as defined by FCRA, 15 U.S.C. § 1681 a(c) § 380-a(b) of NY FCRA (N.Y. Gen. Bus. Law § 380-a (McKinney))

13. Upon information and belief, Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f) and x.

14. Upon information and belief, Defendant Experian regularly conducts business in this judicial district.

15. Upon information and belief, Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

16. Upon information and belief, Defendant Experian by contractual agreement, disseminated consumer background reports for remuneration to third parties.

17. Upon information and belief, Defendant Trans Union is an Illinois corporation which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon The Prentice -Hall Corporation Services Inc. its registered agent for service of process at 80 State Street, Albany NY 12207.

18. Upon information and belief, Defendant Trans Union is a CRA as defined under 15 U.S.C. § 1681a (f) and NY FCRA § 380-a(e).

19. Upon information and belief, Defendant Trans Union regularly conducts business in this judicial district.

20. Upon information and belief, Defendant Trans Union qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681 a(f) and NY FCRA § 380-a(e)

21. Defendant Trans Union, by contractual agreement, disseminated consumer background reports for remuneration to third parties.

## **SUBSTANTIVE ALLEGATIONS OF FCRA**

22. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which states as follows:

(a) (1) The banking system is dependent upon fair and accurate credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system,*** and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

3. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

4. There is a need to *insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added)

23. The applicable provisions of the FCRA mandate that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to a appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

24. CRA' compile, maintain and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

25. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA, so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

26.. Plaintiff's injury is particularized and actual and is directly traceable to Defendants conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

27. The Plaintiff obtained a copy of their credit report from Defendants on 12/20/21, in accordance with their rights under the FCRA.

28. Upon careful review, the Plaintiff discovered numerous instances of inaccurate and misleading information contained with their credit report, which have adversely affected his creditworthiness and financial standing.

29. The inaccuracies within the credit report include Bank of America account listed with no account number being reported but showing three late payments that was never late.

30. The Wells Fargo account the last payment date is listed as February 12, 2020, on Experian but payment history shows on-time payment made after for the following months of March 2020 to October 2020. This is followed by "No Data" being reported for the months October 2020 to February 2021 and then charged-off in March 2021.

31. The Discover Bank account shows the last payment on the account being reported on Experian as dated January 31, 2021, but the payment history shows the said account was 120 days late on that same (January, 2021) month and year.

32. The plaintiff also reviewed his Trans Union credit report, Discover Bank account reflects last payment on account was January 31st 2021 but the payment history shows that the account is 120 days late in January 2021 and February 2021.

33. The Plaintiff reviewed hi Trans Union LL credit report, Wells Fargo account shows that the last payment being reported is February12, 2020 but the payment history reflects on-time payment after up to August 2020. This is then followed by "No Data" being reported from September 2020 to February 2021and a charged-off in March 2021.

34. The Plaintiff also examined his Bank of America account that shows three late payments, but the payment history does not reflect a past due amount for those months listed late or a balance.

35. The Plaintiff sent a written dispute letter via USPS Certified Mail 9214 8901 4298 0465 5458 64 on January 26, 2022, to Experian and received at their offices in Allen, TX on January 29, 2022.

36. The Plaintiff also sent a written dispute letter via USPS Certified Mail 9214 8901 4298 0462 8959 93 on January 26, 2022, to Trans Union and received at their offices in Chester, PA on January 31, 2022

37. The plaintiff has been disputing the accuracy of the three accounts for several months to Defendants as supported by mail sent via USPS Certified mail on the following dates February 14, 2022, March 22, 2022, April 28, 2022, June 27 2022, October 24, 2022, December 15, 2022, and April 18, 2023.

38. The Plaintiff disputed the inaccurate reporting with Enforcement Consumer Financial Protection Bureau.

39. The Plaintiff disputed the inaccurate reporting with Consumer Financial Protection Bureau. Complaint # (211215-7781870) (220216-8139359) (220505-8684430) (220828-9301004) (220904-9341278) (220909-9374050) (211215-7781826) (220216-8138474) (220505-8684298) (220904-9341311)

40. The Plaintiff disputed the inaccurate reporting with the New York Attorney General

41. The Plaintiff disputed the inaccurate reporting with the Better Business Bureau

42. The Plaintiff disputed the inaccurate reporting with the State Senate.

43. The Plaintiff disputed the inaccurate reporting with the Federal Trade Commission.

44. The Plaintiff disputed the inaccurate reporting with the New York State Department of State Division of Consumer Protection.

45. The Plaintiff disputed the inaccurate reporting with the Federal Deposit Insurance Corporation.

46. The Plaintiff disputed the inaccurate reporting with the Federal Reserve System.

47. The Plaintiff disputed the inaccurate reporting with the Comptroller of the Currency.

48.     The Plaintiff disputed the inaccurate reporting with the State Regulatory Agency.

49.     Plaintiff after exhausting all his efforts filed a complaint in Nassau County Civil Court.

50.   Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

51.  Had Defendants performed a reasonable investigation, the disputed accounts would have been modified to reflect the account number, payment to reflect all on-time payments never late, date of last payment matching with the payment history, correct the 120 days late reporting for two consecutive months, not reflect "No Data" the previous month before a charged-off on accounts or the tradeline would have been deleted entirely.

52.   Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidence by the inquiries on the Plaintiff's credit report in the form of soft pulls.

53.  Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft pulls on Plaintiff's credit reports.

54.  Plaintiff applied for a business loan with Headway Capital LLC and Camino Financial that he was asked to personal guaranty and was denied on May 22, 2023 and May 31, 2023 respectively.

55.  The denial letter states the reasons for denial, including serious delinquency, proportion of balance to high credit on banking revolving or all revolving accounts, proportion of current loan balance to original loan amount and number of accounts delinquent.

56.  Defendants inaccurate reporting were substantial factors in Plaintiff's denial of credit.

57.  Defendants violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving each of Plaintiff's dispute letters.

58. Defendants has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors.

59. As a result of Defendants conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; undue emotional and mental anxiety of not being able to use and benefit from their credit due to this inaccurate reporting. Also, the humiliation and embarrassment of credit denial.

60. Furthermore, Defendants are also responsible for the cost in time and money associated with requesting credit reports, consulting with professionals regarding resolving this inaccurate reporting and submitting a dispute letter via certified mail.

## FIRST COUNT

**Defendants Violations of the FCRA, 15 U.S.C. § 1681e(b).**

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. The Defendants systemically violated 15 U.S.C. § 1681 e(b) by failing to adhere to, maintain and /or establish reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

63. Upon receipt of Plaintiff's disputes, the Defendants were legally required to:
(i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, they were required to mark the status of the tradeline/account as disputed on the consumer's credit reports but failed to do so.

64. Upon information and belief, Defendants conduct in the instant matter is representative of their normal policies and procedures, or lack thereof, for maintaining accurate credit reporting.

65. In violation of §§ 1681o and § 1681n, the Defendants conduct was a direct and proximate cause of Plaintiff's injury.

66. The Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

67. As a result of the Defendants violations of 15 U.S.C. §§ 1681 e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

68. For the foregoing reasons, the Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, and costs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## SECOND COUNT

**Defendant's Violations of the FCRA, 15 U.S.C. § 1681i *et seq*.**

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. The Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

71. The Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher and merely parroting information received from furnisher.

72. The Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

73. The Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

74. The Defendants never: contacted Plaintiff to follow up on, verify and/ or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher. As such there is no evidence of a reasonable investigation being conducted.

75. As a result of the Defendants violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above.

76. The Defendants violations were willful because they had knowledge of the dispute after receiving a detailed dispute letter, rendering Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77. The Defendants acted with reckless disregard for the information provided in that dispute, rendering Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78. In the alternative, Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

79. For the foregoing reasons, Defendants violated 15 U.S.C. 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages and costs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## THIRD COUNT

### Defendants Violations of the NY FCRA §380

80. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

81. NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to that section.

82. In addition, NY FCRA Law § 380-f(b) specifically provides that when a "consumer" reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1)  Promptly expunge the item and otherwise correct the file

(2)  Refrain from reporting the item in subsequent consumer reports,

(3).  Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information …"

83. Here, a dispute letter was sent to Defendants on or around January 26, 2022, thereby triggering their duty to conduct a reasonable investigation.

84. Defendants failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the Bank of America, Wells Fargo and Discover Accounts.

85. Defendants also failed to provide Plaintiff with the notice of his rights pursuant to NY FCRA § 380-f(b)(3)

86. Defendants failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

87. As such, Defendants violations were willful, rendering them liable for punitive damages in an amount to be determined by the court pursuant to NY FCRA § 380-L.

88. At a minimum, Defendants conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and cost pursuant to NY FCRA § 380-M.

89. As a direct result of the above violations of the NY FCRA by Defendants, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress and the time and expense of obtaining credit reports and disputing this item with the consumer reporting agencies.

90. As a result of the above violations of the NY FCRA, Defendants are willfully and/ or negligently liable to Plaintiff for actual damages, punitive damages and costs pursuant to NY FCRA § § 380-L and 380-M.

## JURY DEMAND

91. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request judgment be entered against Defendant as follows:

a. Adjudging that Defendants actions violated the FCRA and NY FCRA, and

b. An order on Defendants from persisting in their violative behaviors.

c. Granting Plaintiff actual damages against the Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d. Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e. Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2)

f. Granting Plaintiff costs against Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

g. Granting Plaintiff actual damages, punitive damages and costs pursuant to NY FCRA §§ 380-L and 380-M.

h. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

i. Such other and further relief as the Court determines is just and proper.

Dated: November 9, 2023

Respectfully Submitted,

_____
Plaintiff
T: 347-225-3501